**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF WISCONSIN**

U.S. DISTRICT COURT EASTERN DISTRICT-WI FILED 2014 FEB 13 P 2:06 JON W. SANFILIPPO CLERK

MARK A. WEISS,

PLAINTIFF,

v.

DEPARTMENT OF HEALTH AND FAMILY SOCIAL SERVICES, WISCONSIN DEPARTMENT OF CORRECTIONS, DIRECTOR OF MENDOTA STATE HOSPITAL, STEVE WATTERS, AND MENDOTA STATE HOSPITAL

Defendant(s).

Case No.: 14-C-0158

**1983 CIVIL COMPLAINT**

STATEMENT OF CLAIM

Mendota state Hospital, Wisconsin Department of corrections , and the Health and Family Social Services Department, and Director Steve Watters of Mendota State Hospital kept me illegally detained past my two- thirds time of my commitment **order of 6 yrs, 8 mons, with 217 days custody credit of my maximum release date.** The department of Health and Family Services and the department of corrections kept me falsely impersonated for the whole 6 yrs 8 months. I should have been released **8 – 22 – 1999. Not 11 -7 – 2001**. Commitment order explains the two- third's time of **6yrs 8 months with 217 day's credit**. According to imprisonment authorized by the **Wisconsin statute 973.155, Wis. Stats.**

**<u>Here's the correct calculations to the court commitment order of sentence time of the two-thirds of 6yrs - 8 months which was 2,433 days. Max term or two-thirds is 1,622 days with the custody credit of 217 days is 1,405 days to serve on this commitment</u>. <u>Which is 3 yrs 310 days sentencened 10-13 - 1995</u>; <u>I should have been released 8 - 22 – 1999. I was released 11 – 7- 2001. I was illegally detained for 808 days, which is 2 yrs - 78 days over the maximum release date</u>.** I also did not have a commitment of any probation to follow after the commitment time was over. I also was not classified as a 980. , predatory or should have been classified under the department of corrections **<u>administrative statutes of 301.45</u>**. This proves the preponderance of evidence to this commitment order. That the department of Health and Family Social Services, and the administration office of Mendota state Hospital are at fault of professional negligence, and cruel and unusual punishments according to the Wisconsin state statutes, and the Wisconsin state constitutions, and the United States constitutions Article (1) section (6), Remedy of wrongs Section (9). Cruel and unusual punishments, a criminal sanction or penalty that is not in accord with moral standard of Humane ,and compassionate society such punishments are prohibited by the Eighth Amendment. Due process of my freedom found in the fourteenth amendment and the Fifth Amendment that are suppose to guarantee the fundamentals fairness under the law.

**<u>LEGAL THEORY OF COMMITMENT ORDER AND CONCLUSION TO CASE.</u>**

The Commitment order states, the total maximum term of incarceration for the crime (s) is 6 yrs, 8 months, and the defendant is entitled to 217 days custody credit... It is ordered that: The defendant is committed to the department of Health and social services for Institutional care for the following period. **NOT MORE THEN TWO – THIRDS OF MAXIMUM TERM OF INPRISONMENT AUTHORIZED BY WISCONSIN STATUTES...**

Also that I didn't have a commitment order for probation following the end of this commitment **<u>1995 - CF -178</u>** .The **<u>51.20</u>** had nothing to do with this case. The department of family social services wanted to make sure I was going to take the medications that were being forced by them. My sentence had nothing to do

**971.17**, on how this commitment was ordered. Also wasn't classified as a **980. Sexual predatory**. Nor should I be listed as a sex offender. UNdER Wis STats 939.615

**Storm V. Legion Insurance Company, 2003 WI 120, 265 Wis. 2d 169, 665 N.W., 2d 353, 01-1139.** Under sub. (1) "Mental illness" is a mental condition that renders a person functionally unable to understand or appreciate the situation given rise to the legal claim so that the person can assert legal rights or functionally unable to understand legal rights and appreciate the need to assert them. Legal consultation and fillings are probative of a plaintiffs mental health and functional ability to appreciate and act upon his or hers legal rights.

**Zlindra V. Zlindra, 252 Wis. 606, 32 N.W. 2d 656, 1948 Wisc. Lexis 334 (Wis, 1948).** Tolling the statute of limitations ten years statute of limitations applied for a divorce action, and operated to prevent a husband from suing his wife, who had been committed in an insane asylum for more then ten years, for a divorce on the grounds of cruel and unusual treatment that occurred before she was committed.

**United States V. Chaarters, 829 f.2d 479 (4th Cir. 1987).**
**Lojuk V. Qvandt, 706 F.2d 1456.** Several Courts have held that forcing a person to engest psychotropic drugs, under some circumstances, may violate that person's Constitutional rights under the due process clause of the Fourteenth amendment. See case Law.

**RUSSEL V. LA ZAR, 300 F.S Supp. 2d. ,316 (Ed 2004)**
Which states my claim to cruel and unusual punishments.

Cruel punishments Solitary confinement punishment within the letter of law, or psychological torture. **Case law Thoenig 1972 W L R 223.**

Persons confined in central state Hospital's under **51.20 51.37 971.14, 971.17, and 975.06**, are being subjected to punishment's within meaning of cruel and unusual punishment clause. **Flakes v. Percy, 511 f. supp. 1325 1981**.
Due process of my freedom found in the fifth and fourteenth amendments that are suppose to guarantee the fundamental fairness under the law.

**In State V. Randall, 192 Wis. 2d 800, 833, 532 N.W...2d 94, 107 (1995)**
The Supreme Court characterized an N. G. I. adjudicated as an "AQUITTAL by reason of Insanity. I wasn't sentenced to the department of corrections. I was committed to the department of Health and Family Social Services for treatment of care. Not be physically abuse and put under cruel and unusual punishments by the state, and Mendota state Hospital.

## FALSE INPRISONMENT PROFESSIONAL NEGLIGENCE AND HARASSMENT'S BY THE STATE.

Negligence's against the Department of Health and Social Services, And the Department of Corrections, and the admistratition office at Mendota state Hospital. Also the probation office in Kenosha 1212 60th at fault with my record's. The Circuit Court's of Kenosha County I feel is at fault in this case as well, on top of the Kenosha county Jails booking department in record s to this case. Lawyers as well that were involved in council with this case that rail

roaded me when I filed for conational release. That should of never taken place because I would of already been released from the commitment by that time, and I would of never had to go to the probation office on 1212 60 street. Were again I was harassed the probation agents by punitive rules in placed.

## RELIEF REQUESTED FROM THE FEDERAL COURT'S.

Relief for this case, False imprisonment, to pay $ 500.00 a day that I was illegally detained at Mendota State Hospital. 4.5 million In pain and suffering, mental anguish, monetary and punitive damages, Emotional distress, and procedural due process that refers to thoues clauses in the U. S. Constitution that protect individuals from unreasonable and unfair government procedurals in cause of liberty freedom from physical restraints, freedom from arbitrary and despotic control, and being illegally detained. I feel I have good merit in this claim under Redress of Grievance: The first Amendment protects the right to petition the government to obtain a remedy of wrong. These people who were all behind it did me real bogus. I feel I have merit under the tolling provisions to carrier out this suite of claims in this Federal Court room and be recompensated for all the pain and suffering that was caused and all the losses , and hardships also that I suffered from all of this, And None Econonomical Damages.

Dated This 8 of 1 2014

**Mr., Mark A. Weiss**
**Washington Unit**
**Racine Correctional Institution**
**P.O. Box 900**
**Sturtevant, Wisconsin 53177-900**

STATE OF WISCONSIN | CIRCUIT COURT | KENOSHA COUNTY

State of Wisconsin, Plaintiff

- vs -

MARK A. WEISS

Defendant

DOB: [redacted]67

Date of Birth

OCT 13 1995
GAIL GENTZ
CLERK OF CIRCUIT COURT

# ORDER OF COMMITMENT

## Not Guilty by Reason of Mental Disease or Defect (Institutional Care Needed)

Case No. 95CF178

### THE COURT FINDS THAT:

1. The defendant was found not guilty by reason of mental disease or defect of the following crime(s):

| Crime(s) | Wis. Statute(s) Charged | Date(s) Occurred |
|---|---|---|
| Ct. 1, 2nd Degree Sexual Assault | 940.225(2)(a) | 3/10/95 |
| Ct. 2, Criminal damage to property | 943.01(1) | " |
| Ct. 3, Trespass to dwelling | 943.14 | " |

2. The total maximum term of incarceration for the crime(s) is:
   - ☐ Life incarceration.
   - ☐ Life incarceration plus ______ years.
   - [XX] 6 years. plus 8 months

   The defendant is entitled to 217 days credit for time in custody.

3. A hearing has been conducted and the court determines that conditional release would pose a significant risk of bodily harm to the defendant or to others, or of serious property damage.

4. The defendant ☐ is [X] is not competent to refuse medication or treatment for the mental condition.

[XX] 5. The crime (or, if more than one, at least one of them) is a felony and the court has informed the defendant of the requirements and penalties under s.941.29, Wisconsin Statutes, that possession of a firearm is a Class E felony with a penalty of a fine not to exceed $10,000 or imprisonment not to exceed 2 years, or both.

2014 FEB 13 P 2:06
JON W. SANFILIPPO
CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

### IT IS ORDERED THAT:

1. The defendant is committed to the Department of Health and Social Services for institutional care for the following period:
   - [XX] Not more than two-thirds of the maximum term of imprisonment authorized by Wisconsin Statutes.
   - ☐ Life.

2. If the defendant is not competent to refuse medication or treatment for the mental condition, whoever administers the medication or treatment to the defendant shall observe appropriate medical standards.

3. The sheriff of the county shall transport the defendant to the reception center for the Department.

BY THE COURT:

DEPUTY CLERK ~~Circuit Court Judge/Clerk of Court~~

BRUCE E. SCHROEDER, CIRCUIT COURT BR. 3

Name Printed or Typed

10/13/95

Date

DISTRIBUTION
1. Court (original)
2. Plaintiff's attorney
3. Defendant's attorney
4. Dept. of H. S. S.
5. Sheriff

CR-217, 8/92 ORDER OF COMMITMENT
Not Guilty by Reason of Mental Disease or Defect (Institutional Care Needed)

s. 971.17, Wisconsin Statutes